## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 19-0020-DOC (DFMx)                    Date: April 10, 2019

Title: NICHOLE KEC V. R.J. REYNOLDS TOBACCO COMPANY ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|  |  |
|:---:|:---:|
| Deborah Lewman | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMAND [20]**

Before the Court is Plaintiff Nichole Kec's ("Kec" or "Plaintiff") Motion to Remand ("Motion") (Dkt. 16). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion to Remand.

## I.   Background

This action was initiated in state court on November 7, 2018. *See* Dkt. 1, Ex. A. The complaint alleges eleven causes of action against Defendants R.J. Reynolds Tobacco Company ("RJRT"), Reynolds American Inc., Staci Meyer, William Roth, and Daniel Harrington (collectively, "Defendants") for violations of the California Labor Code and related claims, including a cause of action under the Private Attorneys General Act ("PAGA"). *Id.* Plaintiff's claims stem from the contention that Defendants improperly classified Territory Managers as exempt employees and otherwise passed along to them inappropriate business expenses. *Id.* Non-PAGA claims are asserted on a class basis, on

behalf of Territory Managers employed by Defendants in California during the four years preceding the filing of the Complaint. *Id*.

On August 8, 2017, Plaintiff's counsel filed another class action on behalf of Territory Managers, captioned *Andrew Tarrow v. R.J. Reynolds Tobacco Co. et al.* (Superior Court of Orange County Case No. 30-2017-00936345-CU-OE-CXC) ("*Tarrow* Action"). The plaintiff in that action named as defendants the same five companies/individuals named as defendants in this present action. *Id*. The only claim alleged in Kec's Complaint that was not alleged in *Tarrow* is the claim for PAGA penalties. Request for Judicial Notice ("RJN"), Ex. 1 (*Tarrow* Complaint).[1]

Defendants removed the *Tarrow* action to the Central District of California on September 11, 2017. Declaration of Allison Crow ("Crow Decl.") (Dkt. 20-1), ¶ 3. It was subsequently remanded to state court based on the local controversy exception. *Id. Tarrow* was settled on an individual basis and was dismissed on August 30, 2018. *Id*. The Superior Court approved a stipulation ("Stipulation") on August 20, 2018 and ordered the dismissal of *Tarrow* on August 30, 2018. RJN Exs. 4–5; Crow Decl. ¶¶ 5–6.

On February 4, 2019, Plaintiff filed the present Motion to Remand. On February 11, 2019, Defendants opposed ("Opp'n") (Dkt. 20) and moved to compel arbitration (Dkt. 17). On February 15, 2019, Plaintiff replied in support of its Motion to Remand ("Reply") (Dkt. 25).

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

---

[1] The Court may take judicial notice of court filings and other matters of public record. Fed. R. Evid. 201(b); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). Accordingly, the Court takes judicial notice of the *Tarrow* Complaint and other related court filings in the California Superior Court, County of Orange.

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a).

CAFA applies to class action lawsuits in which the proposed class has at least 100 members and the primary defendants are not a "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5). A federal district court has original jurisdiction over such class actions if the amount in controversy exceeds $5,000,000 and any plaintiff is diverse from any defendant. § 1332(d)(2), (5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Under CAFA, "the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

By statute, there are two sets of circumstances under which a district court must decline to exercise jurisdiction over a class action it has CAFA jurisdiction over: the "local controversy" and "home-state controversy" exceptions. *See* § 1332(d)(3)–(4). Once it is established that a court has jurisdiction under CAFA, "the objecting party bears the burden of proof as to the applicability of any express statutory exception . . . ." *Serrano*, 478 F.3d at 1024.

Usually, to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* S. Rep. No. 109-14, p. 43 (2005) (noting CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

## III.    Discussion

The issue before the Court is narrow. Defendants argue that Plaintiff cannot meet her burden to show that no other class action was filed within three years of the Complaint alleging similar factual allegations against any of the Defendants, such that the local controversy exception to CAFA cannot apply. *See* Opp'n at 6 n.3. Plaintiff responds that the parties' court-approved Stipulation in the *Tarrow* Action specifically states that the parties would treat the *Tarrow* Action "as if the class claims were never brought by [Mr. Tarrow] to protect the interest of putative class members" and "it may not impact the exercise of any rights whatsoever that putative class members may have." Mot. at 19 (citing Declaration of Natalie Mirzayan ("Mirzayan Decl.") (Dkt. 16) at 143); *see also* RJN, Ex. 2. Moreover, Plaintiff argues that the present action is merely a continuation of the *Tarrow* Action and thus cannot be read under the statute to be an "other class action" barring application of the local controversy exception. *See* Mot. at 15.

Under the local controversy exception to CAFA, a district court must decline to exercise jurisdiction

> (A)(i) over a class action in which—
>
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> >
> > (II) at least 1 defendant is a defendant—
> >
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > >
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > >
> > > (cc) who is a citizen of the State in which the action was originally filed; and
> >
> > (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

> (ii) during the 3-year period preceding the filing of that class action, no
> other class action has been filed asserting the same or similar factual
> allegations against any of the defendants on behalf of the same or other
> persons[.]

28 U.S.C. § 1332(d)(4). "The purpose of the local exception is 'to respond to concerns
that class actions with a truly local focus should not be moved to federal court under
[CAFA] because state courts have a strong interest in adjudicating such disputes. At the
same time, this is a narrow exception that was carefully drafted to ensure that it does not
become a jurisdictional loophole.'" *Bridewell-Sledge v. Blue Cross of California*, 798
F.3d 923, 928 (9th Cir. 2015) (citing S. Rep. No. 109-14, at 39 (2005)) (alterations in
original). Again, Plaintiff bears the burden of establishing that the local controversy
exception applies here. *See Serrano*, 478 F.3d at 1024.

The only disputed issue within the context of the local controversy exception is
whether no other class action has been filed asserting the same or similar factual
allegations. Indeed, in the *Tarrow* Action, Judge Cormac Carney remanded under the
local controversy exception and rejected disputes under the significant relief and
significant basis prongs of the analysis. Mirzayan Decl. at 132.

Here, under the plain terms of the *Tarrow* Stipulation, the prior action cannot be
viewed as an "other class action." The parties expressly agreed that "the dismissal of the
Plaintiff's [Tarrow] Class Claims ***without prejudice as to putative class members shall
be deemed as if the class claims were never brought*** by Plaintiff to protect the interest of
putative class members." *Id*. at 143; RJN, Ex. 2. The Court agrees with Plaintiff that by
the Stipulation's terms, Kec's rights are not "new rights" but rather rights that were
restored to Kec as if the "class claims were never brought" in *Tarrow*. If the *Tarrow* class
claims shall be deemed as if the class claims were never brought (as the parties agreed),
then the present class action simply cannot be viewed as an "other class action." Plaintiff
is entitled to remand based on the local controversy exception.

Defendants' arguments regarding the effect of the Stipulation are unavailing. True,
the Stipulation does not expressly state that the agreement exempts class members from
CAFA procedural rules that would apply in a subsequent action removed to federal court.
*See* Opp'n at 16 ("Kec cannot establish that any language in the Stipulation states that the
parties agree any future claims will be heard only in state court, or that Defendants waive
their right to remove cases that are subject to federal jurisdiction."). But the express
language of the Stipulation is enough. The *Tarrow* Action is to be deemed as if it was
brought as an individual action and not a class action. Class claims were never brought by

Plaintiff to protect the interest of putative class members. Therefore there is no "other class action" filed under the local controversy exception.

## IV.     Costs and Fees

Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While the Court disagrees with Defendants' analysis with respect to the effect of the *Tarrow* Stipulation on the local controversy exception, there was an objectively reasonable basis for seeking removal. The Court DENIES fees and costs.

## V.      Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of the State of California, County of Orange.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk: djl